## Case No. 8,595.

### LUCY v. SLADE.

[1 Cranch, C. C. 422.] [1]

Circuit Court, District of Columbia. July Term, 1807.

SLAVERY—DEED—UNRECORDED—PROOF OF EXECUTION.

1. A deed conveying or transferring a slave in Maryland, not recorded, cannot be given in evidence without proof of its execution, although it has been acknowledged before a justice of the peace in Maryland.

2. The oath, required by the Virginia law of the 17th of December, 1792, § 4, is of no avail unless taken within sixty days after the removal of the party.

Trespass, for assault and battery and false imprisonment, to try the right of freedom.

E. J. Lee, for defendant [Charles Slade], offered a deed of gift of the plaintiff by Colonel William Lyles to Miss Ann Lowery, whom W. H. Lyles afterwards married, acknowledged before Mr. Bowie, a justice of the peace of Prince George's county, Maryland, and a certificate of the clerk of Prince George's county, that Mr. Bowie was on that day a qualified justice of the peace, and a certificate of J. M. Gantt, chief judge of the court of Prince George's, &c.

Mr. Jones, for plaintiff, objected that it is no act, nor record, nor a judicial proceeding. It is not recorded, and if it had been, yet as it is not required to be recorded, it would gain no authenticity by the recording. It is not necessary to be acknowledged. The taking of an acknowledgemnt is not a judicial act.

THE COURT (nem. con.) decided that it was not evidence, unless proved by witnesses. The acknowledgment of the deed, at all events, can amount to no more than an estoppel against the party himself, who has acknowledged, and does not prevent another person from denying the execution of the deed.

THE COURT also permitted the plaintiff to give evidence of an importation by Colonel William Lyles, under a general allegation in the statement of the case, prepared by counsel under the order of the court; whereupon the defendant gave in evidence a certificate of an oath taken by William H. Lyles; but THE COURT instructed the jury that the said oath was not in compliance with the Virginia act of assembly of Dec. 17, 1792, p. 86, § 4, unless taken within sixty days after the removal of W. H. Lyles.

LUCY A. BLOSSOM, The (FOX v.). See Case No. 5,013.

[1] [Reported by Hon. William Cranch, Chief Judge.]